IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LARRY JOUBERT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-946-D |
| | ) | |
| INDEPENDENT SCHOOL DISTRICT | ) | (District Court of Oklahoma County, |
| NO. 89, OKLAHOMA CITY PUBLIC | ) | Oklahoma, Case No. CJ-2018-4728) |
| SCHOOLS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Dismiss [Doc. No. 4], filed pursuant to Fed. R. Civ. P. 12(b)(6) following removal of the case to federal court. Defendant asserts that Plaintiff's state court petition fails to state a plausible claim for relief under 42 U.S.C. § 1983 or state law. Plaintiff has responded in partial opposition to the Motion. As pertinent to the Court's analysis, Plaintiff disclaims any intention of bringing a § 1983 claim and makes no effort to defend such a claim. *See* Pl.'s Resp. Br. [Doc. No. 6] at 9-11 ("there is no need for [Plaintiff] to state a claim under § 1983 because he did not bring a claim under § 1983") (emphasis omitted).

Plaintiff's assertion that Defendant is "moving to dismiss a cause of action that [he] has not brought" (*id*. at 9) draws into question whether subject matter jurisdiction exists in this case. Defendant has invoked federal jurisdiction under 28 U.S.C. § 1331 solely because "Plaintiff's Petition concerns a federal question arising under 42 U.S.C. § 1983." *See* Notice of Removal [Doc. No. 1], ¶ 4. The Court has "an independent obligation to

determine whether subject matter jurisdiction exists" and may raise the issue *sua sponte* at any time. S*ee 1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (federal courts "have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party").

Upon consideration, the Court finds that the jurisdictional ground for Defendant's removal is unfounded in the context of this case. Defendant asserts that because Plaintiff alleges a deprivation of his right to due process under the Fourteenth Amendment of the United States Constitution, he is necessarily asserting a § 1983 claim. *See* Def.'s Reply Br. [Doc. No. 7] at 4 ("Plaintiff's claim that [Defendant] violated his Fourteenth Amendment (sic) can only imply an action under Section 1983.") (emphasis omitted). However, Plaintiff bases his action on a right to due process "protected under the 14th Amendment of the United States Constitution and the Oklahoma Teachers Due Process Act of 1970, 70 O.S. 6-101.20, et seq." *See* Pet. [Doc. No. 1-1] at 1. Plaintiff claims Defendant "violated the Oklahoma Teachers Due Process Act when it terminated [his] employment without prior notification and a hearing on the merits prior to the termination action." *Id*. ¶ 16. The Oklahoma Supreme Court has adopted the Fourteenth Amendment standard for determining what process is due under the Oklahoma statute. *See*, *e.g.*, *Short v. Kiamichi Area Vocational-Tech. Sch. Dist. No. 7*, 761 P.2d 472 (Okla. 1988). Thus, the Court is not persuaded that Plaintiff must necessarily be asserting a right to relief under federal law simply by invoking the Fourteenth Amendment standard used as a measure of state law.

Contrary to Defendant's insistence that Plaintiff must assert a § 1983 claim because he alleges a Fourteenth Amendment violation, Plaintiff cannot be required to pursue a particular claim. Under federal law, a "plaintiff is the 'master of the claim' and may prevent removal to federal court by choosing not to plead a federal claim even if one is available." *See Turgeau v. Admin. Review Bd.*, 446 F.3d 1052, 1060 (10th Cir. 2006) (internal quotation omitted). Thus, while "a plaintiff may not defeat removal by failing to plead federal questions that are essential elements of his claim," *id.* at 1060-61 (internal quotation omitted), the plaintiff "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).[1]

In this case, Plaintiff expressly bases the claim asserted in his pleading on an alleged violation of state law, the Oklahoma Teachers Due Process Act. Plaintiff may elect to omit any federal law claim that he does not wish to pursue, and he affirmatively states in response to Defendant's Motion that he has made such an election in this case.[2] Plaintiff cannot be required to assert a federal claim where, as here, there is no issue of federal preemption.

For these reasons, the Court finds that it lacks subject matter jurisdiction over Plaintiff's action and the case must be remanded to state court pursuant to 28 U.S.C.

---

[1] Exceptions to this rule, such as the doctrine of federal preemption, are inapplicable here.

[2] Plaintiff also tacitly admits that his pleading fails to state a § 1983 claim because he has not alleged a basis for municipal liability under § 1983, as required by *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978), and its progeny. *See* Pl.'s Resp. Br. at 11 (acknowledging he did not "'allege any conduct by [Defendant's] board of education, or governing body, that violated his rights'" because he was not bringing a § 1983 claim) (quoting Def.'s Mot. at 6).

§ 1447(c). Because the Court lacks jurisdiction, it cannot decide the merits issues presented by Defendant's Motion. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims") (emphasis in original).[3]

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. No. 4] is DENIED without prejudice to resubmission of the remaining issues for decision by the state district court.

IT IS FURTHER ORDERED that the case is REMANDED to the District Court of Oklahoma County, Oklahoma, for further proceedings.

IT IS SO ORDERED this 31st day of October, 2018.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[3] Further, were the Court to grant Defendant's request for dismissal of any § 1983 claim, the Court would find that remand is appropriate under 28 U.S.C. § 1367(c)(3).